UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON B. WRIGHT,

    Plaintiff,

v.                                            Case No. 8:22-cv-1799-TPB-JSS

ASHLEY K. MCCARTHY,
JEFFREY SHAMA, and
GRADY JUDD,

    Defendants.
_____/

## ORDER SCREENING CASE UNDER 28 U.S.C. § 1915A

This cause comes before the Court on *pro se* Plaintiff Shannon B. Wright's Amended Complaint (Doc. 11), filed under 42 U.S.C. § 1983. Plaintiff claims that Assistant State Attorney Ashley K. McCarthy violated his right against double jeopardy by prosecuting him for both unlawful use of a two-way communications device and use of a computer to solicit a child. (*Id.* at 13–16). Plaintiff also alleges that Regional Counsel Jeffrey Shama provided ineffective assistance by allowing him to plead no contest to the charges despite the double jeopardy violation. (*Id.*) Lastly, Plaintiff claims that Sheriff Grady Judd defamed him by falsely describing him as a "pedophile" on national television. (*Id.* at 16–17).

A prior screening order set forth the law governing Plaintiff's claims and dismissed without prejudice the § 1983 defamation claim against Sheriff Judd. (Doc. 10 at 6). The § 1983 claims against McCarthy and Shama were dismissed with prejudice. (*Id.* at 5). Plaintiff subsequently filed his Amended Complaint, which the Court is required to review under 28 U.S.C. § 1915A. For the reasons that follow, the Amended Complaint is **DISMISSED with prejudice**.

As noted above, Plaintiff reasserts the claims against McCarthy and Shama in his Amended Complaint. (Doc. 11 at 13–16). The Court previously dismissed those claims with prejudice, explaining that (1) McCarthy was entitled to absolute immunity for her role in prosecuting Plaintiff, and (2) Shama was not subject to liability under § 1983 because he was Plaintiff's state-appointed attorney and thus did not act under color of state law. (Doc. 10 at 5). The same considerations apply to Plaintiff's attempt to reassert these claims in the Amended Complaint. Consequently, Plaintiff again fails to state a § 1983 claim against McCarthy and Shama. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing the lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Ward v. Chafin*, No. 22-12993, 2023 WL 2661527, at *3 (11th Cir. Mar. 28, 2023) (holding that

prosecutors were entitled to absolute immunity against plaintiff's claim that "they refused to dismiss the aggravated stalking charge they allegedly knew was barred by double jeopardy and instead obtained a conviction based on the same evidence presented at the first trial").

Plaintiff also reasserts his § 1983 defamation claim against Sheriff Judd. Plaintiff alleges that, shortly after his arrest, Sheriff Judd went on national television and falsely described him as a "pedophile." (Doc. 11 at 16). This statement allegedly damaged Plaintiff's "professional reputation as a minister." (*Id.*)

As the Court previously explained, "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Defamation cannot support a § 1983 claim "unless there is an additional constitutional injury" that "flow[s] from the alleged defamation." *Rehberg v. Paulk*, 611 F.3d 828, 851, 853 (11th Cir. 2010). "[I]njury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment." *Id.* at 851. "Damages to a plaintiff's reputation are only recoverable in a [§] 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights." *Id.* at 851–52.

Plaintiff's § 1983 defamation claim fails because he does not identify any "additional constitutional injury" that "flow[ed] from the alleged defamation." *Id.* at 851, 853. Plaintiff attempts to meet his burden by asserting that Sheriff Judd's statement violated his First Amendment rights. (Doc. 11 at 17). But there is no basis to conclude that the statement implicated the First Amendment. *See Mech v. Sch. Bd. of Palm Beach Cnty., Fla.*, 806 F.3d 1070, 1074 (11th Cir. 2015) ("When the government exercises the right to speak for itself, it can freely select the views that it wants to express." (citation omitted)). Because Plaintiff alleges nothing more than simple defamation, he fails to state a § 1983 claim against Sheriff Judd. *See, e.g., Pilgrim v. Hall Cnty. Det. Ctr.*, No. 2:08-cv-48-RWS, 2008 WL 879435, at *2 (N.D. Ga. Mar. 28, 2008) ("To the extent that Plaintiff raises a claim for defamation and/or slander, reputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause, and something more than simple defamation or slander by a state official must be involved to establish a claim under § 1983.").

The Court previously identified the deficiencies in Plaintiff's allegations and gave him an opportunity to amend his Complaint. (Doc. 10 at 7). Nevertheless, Plaintiff's Amended Complaint fails to state any viable claims. Because further amendment would be futile, the Court declines to grant

Plaintiff another opportunity to amend. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

Accordingly, and for the reasons set forth herein, it is **ORDERED** that the Amended Complaint (Doc. 11) is **DISMISSED with prejudice**. The Clerk is directed to enter judgment against Plaintiff and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on June 1, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**